per curiam:
This case comes before the court on plaintiffs motion for summary judgment and defendant’s cross-motion. We have heard oral argument and have considered the briefs and other submissions. Plaintiff sues for continuation of retirement pay of a lieutenant colonel of the United States Army, which pay defendant terminated on grounds that she had acquired Australian citizenship and had relinquished her United States citizenship. It is not disputed either that, effective January 31, 1972, plaintiff was retired with retirement pay for 20 years of active service, or that she applied for and, on January 26, 1978, acquired Australian citizenship after living in Australia for about 6 years, during which time she was employed by the North *735 ern Territory Department of Health. The parties have presented opposite positions on several issues including the question whether foreign citizenship is inconsistent with status as a United States Reserve officer. Plaintiff challenges a series of decisions of the Comptroller General cited by defendant, none of which, plaintiff contends, has any statutory basis.
We conclude that the case cannot be resolved on summary judgment on this record without further development of the facts. In particular, plaintiff has asserted that she did not intelligently take action with respect to her citizenship. From the present record and oral argument it is clear that plaintiff relied, at least in part, on advice she sought and received from the Office of the Adjutant General prior to making her decision to change citizenship. In a letter from that office to her dated July 2,1976, it was stated:
There is no requirement of citizenship for service in the United States Army. Therefore, a change of citizenship does not affect one’s receipt of an Army pension.
The record does not reveal the prior correspondence to which this letter was a response. It does appear, however, that plaintiff initiated the correspondence by making inquiries as to the possibility of eliminating double income tax on her pension, assessed because of her American citizenship on one hand and her Australian residence on the other. In no way did she act to mislead defendant. On the basis of the information she received from defendant she certainly could not have anticipated her present plight. A serious question of material relevant fact is raised as to whether plaintiffs change of citizenship was voluntary and we shall therefore remand the case to the trial division for a determination of that issue. This action is especially appropriate in light of the possibility that plaintiff might regain her right to retirement pay by regaining her American citizenship.
it is therefore ordered, after hearing oral argument, that both motions for summary judgment are denied and the case is remanded to the trial division for further proceedings.